UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of  06/10/06     . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

Case Title:        Kyle Edward Beeson and Cynthia Kay Beeson

Case Number:       04-13654

**Document Information**

Description:       Memorandum Opinion re: [8-1] Objection To Exemption  by Michael J. Caplan .

Received on:       2005-01-24 14:40:05.000

Date Filed:        2005-01-24 00:00:00.000

Date Entered On Docket:   2005-01-24 00:00:00.000

**Filer Information**

Submitted By:      James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
KYLE EDWARD BEESON and
CYNTHIA KAY BEESON,
         Debtors.                              No. 7-04-13654 SA

**MEMORANDUM OPINION ON TRUSTEE'S
<u>OBJECTION TO EXEMPTION</u>**

This matter is before the Court on the Trustee's objection to the Debtor Cynthia Beeson's exemption of the proceeds from a personal injury, automobile collision under § 42-10-3 NMSA 1978. The Trustee appears through his attorney Michael J. Caplan. The Debtors appear through their attorney Ron Holmes. This is a core proceeding. 28 U.S.C. § 157(b)(2)(B). For the reasons set forth below, the Court finds that Trustee's objection is well taken in part and will be sustained.

<u>**FACTS**</u>

The parties stipulated to the following facts (doc. 16):

1. On March 5, 2003, the Debtor, Cynthia Beeson ("Beeson"), and Mary Adamson were involved in an automobile collision in Albuquerque, New Mexico.

2. The police report concerning the collision indicates that Mary Adamson caused the collision.

3. The owner of the vehicle driven by Mary Adamson was Darren Adamson.

4. At the time of said automobile collision, Cynthia Beeson had automobile insurance provided by State Farm Insurance.

5. At the time of said automobile collision, Darren Adamson and Mary Adamson had automobile insurance provided by Farmer's Insurance Company of Arizona.

6. Darren Adamson's policy of insurance with Farmer's Insurance Company is a liability policy.

7. Beeson is not a named insured under Darren Adamson's insurance policy with Farmer's Insurance Company.

8. Beeson is not a party to Darren Adamson's insurance contract with Farmer's Insurance.

9. Beeson did not pay the insurance premiums for Darren Adamson's insurance policy with Farmer's Insurance.

10. Beeson's name is not shown on Darien Adamson's insurance policy with Farmer's Insurance Company.

11. The Debtors paid the insurance premiums for their insurance policy with State Farm Insurance Company of Arizona.

12. Beeson is seeking a monetary recovery from Mary Adamson as the tortfeasor and is expecting to receive all or a portion of that recovery from Mary Adamson's insurance company, Farmer's Insurance Company of Arizona.

13. Beeson is seeking a monetary recovery from her own insurance company, State Farm Insurance, only under that portion of the coverage entitled "Uninsured/ Underinsured Motorist Coverage".

**DISCUSSION**

1.  Under Bankruptcy Code Section 541, all legal and equitable interests of the debtors become "estate" property upon the commencement of a bankruptcy case. A debtor's prepetition cause of action for personal injuries becomes property of the estate. <u>Wischan v. Adler (In re Wischan)</u>, 77 F.3d 875, 877 (5th Cir. 1996).

2.  Section 522 allows a debtor to "exempt from property of the estate the property listed in either paragraph (1) [federal exemptions, unless the state has opted out of federal exemptions] or, in the alternative, paragraph (2) [other federal, state and local exemptions applicable on the date of the filing of the petition]."

3.  Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls <u>within</u> the bankruptcy estate. Section 522(b) provides that the debtor may exempt certain property "from property of the estate"; obviously, then, an interest that is not possessed by the estate cannot be exempted.

Case 04-13654-s7    Doc 20    Filed 01/24/05    Entered 01/24/05 15:06:00 Page 4 of 14

Owen v. Owen, 500 U.S. 305, 308 (1991)(Emphasis in original.) Exempt property is determined on the date of the filing of the petition. Id. at 314 n.6. See also In re Bippert, 311 B.R. 456, 465-66 (Bankr. W.D. Tex. 2004)("In no event can the set of exemptible items in subsection (d) be larger than the set of items available for exemptions, i.e., property of the debtor's estate, as provided in subsection (b).")

4. In New Mexico, exemption statutes are liberally construed. In re Portal, 132 N.M. 171, 172, 45 P.3d 891, 892 (2002). Liberal construction is not a license, however, for a court to enlarge an exemption or read into it provisions that are not found there. Hodes v. Jenkins (In re Hodes), 308 B.R. 61, 65-66 (10th Cir. B.A.P. 2004).

5. In this case, the estate asset Debtor seeks to exempt actually has two components: Debtor's prepetition personal injury action (the "Injury Action"), and Debtor's right to pursue her insurance company for "Uninsured/ Underinsured Motorist Coverage" (the "Insurance Claim.").

Page -4-

6.  New Mexico law does not contain an exemption for personal injury actions or their proceeds[1]. Compare 11 U.S.C. § 522(d)(11)(D) (Federal exemption for a payment, not to exceed $17,425, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss.); 11 U.S.C. § 522(d)(11)(E) (Federal exemption for payments in compensation of loss of future earnings to the extent reasonably necessary for support.); Colo. Rev. Stat. § 13-54-102(1)(n) (The proceeds of any claim for damages for personal injuries suffered by the debtor is exempt except for obligations incurred for treatment for the injuries or collection of the damages.); Idaho Code § 11-604(1)(c) (A judgment or settlement or other rights accruing as a result of bodily injury of the individual is exempt to the extent reasonably necessary for support.); In re Kininson, 177 B.R. 632, 634 (Bankr. E.D. Mo. 1995)(Under Missouri law, tort claims against the person, as opposed to claims against property, are exempt.)  Therefore, Debtor's Injury Action is not exempt under New Mexico law.

---

[1] "Nothing in subsection [522](b)(or elsewhere in the Code) limits a State's power to restrict the scope of its exemptions; indeed, it could theoretically accord no exemptions at all."  Owen, 500 U.S. at 308.

Page -5-

7.  Debtor's Insurance Claim, however, fits within Section 42-10-3 NMSA 1978[2] as proceeds of an "accident" policy. In re Portal, 132 N.M. at 173, 45 P.3d at 893. The Insurance Claim is therefore exempt. Accord In re Thompkins, 263 B.R. 223, 226 (Bankr. W.D. Tenn. 2001)(In Tennessee, a debtor's uninsured motorist coverage is "accident insurance" and exempt as "accident, health, or disability insurance."); In re Hosek, 124 B.R. 239, 241 (Bankr. W.D. Tex. 1991)(In Texas, a debtor's uninsured/underinsured motorist coverage is "accident

---

[2] Section 42-10-3 NMSA 1978 provides:
The cash surrender value of any life insurance policy, the withdrawal value of any optional settlement, annuity contract or deposit with any life insurance company, all weekly, monthly, quarterly, semiannual or annual annuities, indemnities or payments of every kind from any life, accident or health insurance policy, annuity contract or deposit heretofore or hereafter issued upon the life of a citizen or resident of the state of New Mexico, or made by any such insurance company with such citizen, upon whatever form and whether the insured or the person protected thereby has the right to change the beneficiary therein or not, shall in no case be liable to attachment, garnishment or legal process in favor of any creditor of the person whose life is so insured or who is protected by said contract, or who receives or is to receive the benefit thereof, nor shall it be subject in any other manner to the debts of the person whose life is so insured, or who is protected by said contract or who receives or is to receive the benefit thereof, unless such policy, contract or deposit be taken out, made or assigned in writing for the benefit of such creditor.

Page -6-

insurance" and exempt as "life, health, or accident" insurance.)

7. Debtor Cynthia Beeson argues that the Injury Action is also exempt under Section 42-10-3 NMSA 1978. The Court disagrees for four reasons.

8. First, on the petition date, the date on which exemptions are determined, the Injury Action was a tort claim – not an interest in or proceeds of an insurance policy. Therefore, the only asset that could be exempted "from property of the estate" is the tort claim. As noted above, New Mexico does not recognize an exemption for tort claims. And, Section 42-10-3 deals with insurance exemptions, not tort claims.

9. Second, a debtor can only exempt "from property of the estate." Section 522(b). Debtor had no interest in Adamson's Farmer's insurance policy and no claim directly against Farmer's. "The general rule is that there is no privity between an injured party and the insurer of the negligent defendant in the absence of a contractual provision or statute or ordinance to the contrary; therefore, the injured party has no claim directly against the insurance company." Raskob v. Sanchez, 126 N.M. 394, 395, 970 P.2d 580, 581 (1998). See also Little

Case 04-13654-s7    Doc 20    Filed 01/24/05    Entered 01/24/05 15:06:00 Page 8 of 14

v. Gill, 134 N.M. 321, 324, 76 P.3d 639, 642 (Ct. App. 2003)(The Mandatory Financial Responsibility Act does not allow an injured third party to maintain a direct action against a tortfeasor's insurance in the absence of permissive language in the insurance contract.); Hovet v. Lujan, 133 N.M. 611, 617, 66 P.3d 980, 986 (Ct. App. 2003)(The Mandatory Financial Responsibility Act does not create a common-law third-party beneficiary relationship between an injured person and the tortfeasor's liability insurer.), aff'd 135 N.M. 397, 89 P.3d 69 (2004). Therefore, neither the policy or any claim against Farmer's is property of the estate. Debtor cannot, therefore, exempt any interest in the Adamson's policy or a claim against Farmer's.

10. Third, a plain reading of the statute suggests that the exemption is not available. The statute exempts all payments of every kind from "any life, accident or health insurance policy, annuity contract or deposit ... issued upon the life of a citizen of resident of the state of New Mexico, or made by such insurance company with such citizen." Section 42-10-3 NMSA 1978 (emphasis added.) The statute covers all proceeds from life policies, and proceeds of accident and health policies and annuities

Page -8-

made with the beneficiary.³ Farmer's had no contract <u>with</u> the Debtor.

11. Fourth, even if the Court were to construe the Injury Action as an insurance claim because it may be paid by Farmer's, this is not the type of insurance exempted by Section 42-10-3 NMSA 1978. Section 42-10-3 NMSA 1978 contains exemptions for "life, accident or health" policies. The Adamson's insurance policy is a liability policy.⁴ (<u>See</u> fact 6.) "[Section 42-10-3], however, does

---

³ Debtors urge the Court to extend the holdings of <u>In re Portal</u>, 132 N.M. 171, 45 P.3d 891 (2002) and <u>Finch v. Schrock (In re Schrock)</u>, 119 B.R. 808 (Bankr. D. N.M. 1990). In <u>Portal</u>, the Supreme Court found that uninsured motorist coverage was accident insurance. <u>Schrock</u> dealt with life insurance. Both of these types of insurance are clearly within Section 42-10-3's exemption. Neither case justifies adding language to the statute.

⁴ Although Debtors admit that the policy is a liability policy, Fact 6, they argue that it is also an accident policy, and that the plain language of the statute states that "<u>any</u> accident policy upon whatever form" is protected. Debtors' Brief, doc. 15, at 3. In <u>Compton v. Powers (In re Powers)</u>, 112 B.R. 178, 180 (Bankr. S.D. Tex. 1989), the debtor made an identical argument. Under Texas law "[n]o money or benefits of any kind to be paid or rendered to insured or any beneficiary under any policy of insurance issued by a life, health, or accident insurance company ... shall be liable to execution, attachment or garnishment..." Debtor admitted that the payor of his benefit was a casualty or liability insurance company, but argued that casualty and liability insurance were synonymous with accident insurance because under both types, the insurer's obligation to pay rests on the happening of an "accident." The Court found the debtor's argument "misguided."

(continued...)

Case 04-13654-s7    Doc 20    Filed 01/24/05    Entered 01/24/05 15:06:00 Page 10 of 14

not encompass proceeds from liability insurance policies. It is restricted to life, accident, and health insurance. Accident insurance should not be confused with liability insurance." <u>Wright v. First National Bank in Albuquerque</u>, 122 N.M. 34, 38, 919 P.2d 1099, 1103 (Ct.

---

[4](...continued)
Accident and liability insurance are not synonymous. Indeed, insurance authorities recognize a clear distinction between the two types of insurance. Accident insurance refers to personal insurance; in other words, the policy covers financial loss resulting from bodily injury to a specified insured or beneficiary. Furthermore, it is the insurance contract between the insured individual and insurer which is the basis for a right to payment and not the mere occurrence of an accident. In contrast, casualty or liability insurance focuses on protecting an insured against liability for damages committed by the insured against a third party's person or property. The injured third party is not a party to the contract nor a beneficiary but is merely the recipient of the proceeds. Insurance authorities are unanimous on this distinction between accident and liability insurance.
<u>Id.</u> (citations omitted.) <u>See also</u> 10 Couch on Insurance § 139:1 ("'Accident insurance' describes the broad category of insurance contracts that provide coverage for the 'health' consequences of an 'accident,' or some variation thereof.); § 139:4 (Accident insurance does not encompass the insured's legal liability to third parties.); § 139:5 (Accident insurance is first party insurance under which the insureds themselves receive the proceeds when a covered loss occurs. Liability insurance is the classic third party insurance under which the proceeds are frequently paid to third parties injured by the insured, and even when paid to the insured, are paid only to enable the insured to pay the third party or to replace sums the insured has paid to the third party. Both accident insurance and liability insurance use the concept of "accident" as the trigger of coverage.)

Case 04-13654-s7    Doc 20    Filed 01/24/05    Entered 01/24/05 15:06:00 Page 11 of 14

App. 1996)(Hartz, J., concurring.), rev'd in part on other grounds, 123 N.M. 417, 941 P.2d 498 (1997). Therefore, even if the Court were to accept Debtor's classification of the Injury Action as an insurance claim, it would not be exempt under the statute. Accord Kollar v. Miller, 176 F.3d 175, 179 (3rd Cir. 1999)(A potential tort judgment is not exempt under Pennsylvania's exemption for "the net amount payable under any accident or disability insurance", even if the judgment would be "derivative from the insurance proceeds of an accident or disability policy." "Pennsylvania's exemption statute does not exempt from a bankruptcy estate a tort claim, even one that might be paid by an insurance carrier.") And see id. at 182:

> Third, we believe that it is illogical (as well as potentially disruptive of the bankruptcy process) for the right to an exemption under state law to turn on the possibility that a putative tort judgment will be paid by a defendant's insurance carrier. For one, we can find no indication that the Pennsylvania legislature intended a debtor's exemptions to turn on the fortuity of whether a tortfeasor who injures the debtor happens to have insurance coverage. If we were to accept the [Debtors'] argument, they could avail themselves of the section 8124(c)(7) exemption, while other debtors in the exact same position could not do so if they were injured by a tortfeasor without insurance coverage. Given the language and context of the insurance provision, we cannot conclude that Pennsylvania has created an

Case 04-13654-s7    Doc 20    Filed 01/24/05    Entered 01/24/05 15:06:00 Page 12 of 14

exemption whose availability turns on whether a tort victim will be reimbursed from the wrongdoer's own bank account or from an insurer's.

12. Debtors' final argument is basically a policy argument that the New Mexico Mandatory Financial Responsibility Act ("Act") should be construed to classify the insurance required by the Act as "accident" insurance, so that it would be exempt under Section 42-10-3 NMSA 1978. First, the insurance required by the Act is liability insurance[5]. "Thus, the public policy of this State expressed through the MFRA is that persons may not operate uninsured, non-owned vehicles without first either giving evidence of ability to respond to damages or purchasing a liability policy with minimum coverage requirements." Slack v. Robinson, 134 N.M. 6, 13, 71 P.3d 514, 521 (Ct. App.), cert. granted, 134 N.M. 123, 73 P.3d 826 (2003), cert. quashed, 135 N.M. 321, 88 P.3d 263 (2004). Liability insurance is not accident insurance. See footnote 4

---

[5] Section 66-5-205.3(A)(2) states that a motor vehicle insurance policy shall "insure the person named in the policy and a person using such motor vehicle with the express or implied permission of the named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of the motor vehicle within a jurisdiction...."

Case 04-13654-s7    Doc 20    Filed 01/24/05    Entered 01/24/05 15:06:00 Page 13 of 14

above.  Second, this policy argument should be addressed to the New Mexico legislature, not this Court.

**CONCLUSION**

For the reasons set forth above, the Court finds that the Trustee's objection to the Debtor Cynthia Beeson's exemption claim for her personal injury claim is well taken and should be sustained.



Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on January 24, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Ronald E Holmes
112 Edith Blvd NE
Albuquerque, NM 87102-3524

Michael J Caplan
827 E Santa Fe Ave
Grants, NM 87020-2458

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

James E. Burke